The action was instituted to recover damages suffered by plaintiff in the sale of gasoline by reason of a leak or concealed defect in the underground tanks.
The following is in substance the appellant's statement of the facts: The plaintiff was engaged from October, 1930, to March, 1932, as an operator of a filling station owned by the defendant and purchased gasoline from the defendant and stored it in underground tanks owned by the defendant. These tanks were connected by pipes with pumps above ground and from these pumps plaintiff sold gasoline at retail. About December, 1930, plaintiff discovered that he was losing money and attributed his loss to the possibility of a leak in the underground equipment. He mentioned this fact to an agent of the defendant named Blanton, and Blanton told him that the equipment was in good condition and there could not be leak, and suggested that the apparent shortage of gasoline might be due to the plaintiff's faulty records. The plaintiff continued in possession of the filling station and subsequently made similar complaints to Blanton, receiving substantially the same answer, and finally Blanton told plaintiff that if he contained to complain, the station would be taken from him. Blanton left the employ of the company about March, 1931. Thereafter and until March, 1932, the plaintiff made no complaint to any agent of the defendant, although he saw them several times a week when deliveries of gasoline were made. In March, 1932, plaintiff mentioned the possibility of a leak to defendant's agent, Lee, and immediately an investigation was made by the defendant, a leak discovered and repaired. It was contended that the *Page 901 
plaintiff kept no record of his purchases and sales of gasoline in order to ascertain any shortage; that up to March, 1932, plaintiff made no check of the equipment and did nothing to ascertain whether a leak existed or not. In March, 1932, plaintiff kept an accurate check of the purchase and sales of gasoline, and discovered a loss of 349 gallons during said month.
The issues were answered as follows:
1. Did the defendant, without knowledge of the truth or falsity thereof, give plaintiff assurance that there was no latent defect in the gasoline storage tanks or pipes used in connection therewith furnished plaintiff for use in the sale of gasoline as alleged? Answer: Yes.
2. Was there a latent defect therein? Answer: Yes.
3. Did plaintiff in good faith under a mistake of fact induced by said assurance pay defendant for gasoline that was lost on account of said defect? Answer: Yes.
4. What amount, if any, is plaintiff entitled to recover for the gasoline so lost? Answer: $1,013.17, and interest from 6 July, 1931, at 6 per cent.
Judgment for plaintiff; appeal by defendant.
This case was formerly before the Court on a demurrer to the complaint,204 N.C. 268. The demurrer was overruled and it was held that the complaint states a good cause of action. The case was subsequently tried and judgment was awarded the plaintiff. The defendant now contends that it was entitled to a nonsuit on the ground that there was a variance between the allegations in the complaint and the evidence offered at the trial. We are of opinion that the evidence is sufficient to sustain the allegations and that the motion for nonsuit was properly denied.
The issues submitted to the jury sufficiently presented the merits of the controversy and in declining those tendered by the defendant the court made no error.
The defendant requested an instruction that there was no evidence of the plaintiff's loss prior to 1 March, 1932, or that the evidence to this effect was conjectural, but an inspection of the testimony reveals evidence which was properly left to the determination of the jury. We find
No error. *Page 902